# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SEAN ANTHONY MCNUTT,

        Plaintiff,

v.

WILLIAM SAVAGAIN and RYAN DEWITT,

        Defendants.

Case No. 17-CV-375-JPS

**ORDER**

    Plaintiff, Sean Anthony McNutt ("McNutt"), who is incarcerated at New Lisbon Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). In an order dated April 10, 2017, Magistrate Judge David E. Jones granted McNutt leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Docket #8).

    He also screened McNutt's complaint pursuant to Section 1915A(b) and found that it should be dismissed for failure to state a viable claim. *Id.* at 2–4. Magistrate Jones observed that McNutt's sole claim—that Milwaukee police officers illegally eavesdropped on a call between himself and a confidential informant—is patently meritless; the law allows an undercover agent to record his conversations with a suspect and allows the government to introduce the recording in evidence. *Id.* at 3–4; 18 U.S.C. §2511(2)(c). *United States v. Eschweiler*, 745 F.2d 435, 437 (7th Cir. 1984); *United States v. McNulty*, 729 F.2d 1243, 1246 (10th Cir. 1983). This is not a violation of federal or state law, and thus Magistrate Jones dismissed McNutt's complaint. *Id.* at 4–5.

After the case was dismissed, McNutt filed a motion to amend his complaint. (Docket #10, #12). The amended complaint repeated the eavesdropping claim and also joined a claim alleging that Milwaukee police officers relied on a facially invalid warrant to search his home, thereby violating the Fourth Amendment. (Docket #12). Magistrate Jones construed the motion as a motion for reconsideration of his screening order and denied it, noting that neither the prior eavesdropping claim nor the new search-warrant claim were facially plausible. (Docket #13 at 2–4). As to the search-warrant claim specifically, Magistrate Jones found that there were several reasonable and lawful explanations for the alleged discrepancies in the warrant and that McNutt did not allege any facts substantiating his claim of malfeasance. *Id.* at 3–4.

McNutt then appealed the dismissal of his complaint and denial of leave to amend. (Docket #14). However, the Court of Appeals did not touch the merits of the appeal, because under *Coleman v. Labor and Industry Review Commission*, 860 F.3d 461, 475 (7th Cir. 2017), Magistrate Jones had no authority to enter final judgment dismissing McNutt's action without the consent of the defendants—who, of course, had not yet been served prior to the issuance of his screening order or his decision on the motion to amend the complaint. Thus, the matter was reassigned to this branch of the Court on remand but without any guidance as to the propriety of the earlier decisions Magistrate Jones issued.

The Court has independently reviewed McNutt's complaint, his proposed amended complaint, and Magistrate Jones' two dispositive orders. Having completed that review, the Court is satisfied that, for the reasons given by Magistrate Jones, this case should be dismissed for failure to state any claim upon which relief may be granted. McNutt's

eavesdropping claim is foreclosed by well-settled principles of law, and the search warrant claim does not raise the possibility of his success above the speculative level. Both claims must, therefore, be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of the Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined;

**IT IS FURTHER ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bona fide arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge